HOLCOMBE, administrator, *v.* BEAUCHAMP.

The controlling question involved in this case being whether the plaintiff had in fact made the requisite tender, under the statute, to redeem property which had been previously sold for taxes and purchased by the defendant, and the evidence wholly failing to establish the fact of such tender, the verdict for the defendant was demanded; and the charge of the court complained of, even if erroneous, was harmless, and is, therefore, not cause for reversing the judgment of the court below refusing to grant a new trial.

Argued June 12, — Decided July 9, 1897.

Complaint for land. Before Judge Hart. DeKalb superior court. August term, 1896.

Kilgore sued Beauchamp to recover possession of nine acres of land. There was a verdict for the defendant, and plaintiff's motion for a new trial was overruled.

It appears that the land was sold in May, 1890, by the sheriff, under an execution for State and county taxes against the plaintiff, amounting to $65.39, besides costs. It was bid off by defendant for $80, which amount he paid to the sheriff and took that officer's deed conveying the land to Emma Beauchamp. There was testimony by McCurdy as follows: I was

present when this land was bid off by Beauchamp and when Kilgore came in to redeem the land. He tendered Beauchamp as much as $80, my recollection is it was $84, and he refused to accept the money unless he paid back all the money he had paid out and the per cent. on that money. I don't think he would agree to pay what Beauchamp claimed. My recollection is he tendered him only $80 or $84. I don't know how much it was Beauchamp claimed to be due; he said what was tendered was not sufficient. That tender was not made within twelve months. The first conversation I heard was that Kilgore wanted a deed made to his daughter; and Beauchamp remarked that he did not want to do that, that he would recognize Kilgore's right to redeem but not anybody's else. He said, "The time is about out, and I want to do something"; and extended it one week from that day. The tender was not made within that extension, but my recollection is he extended it another week, and then I think another, which made about three weeks. It was made within the extension that Beauchamp gave.

There was also testimony that defendant took possession immediately after the sheriff's deed was made, that the land has been worth $10 or $15 for rent for the last two or three years, and that defendant cut down a lot of timber thereon.

The grounds of the motion for a new trial are, that the verdict is contrary to law and evidence, and that the court erred in charging the jury that if they believed that "pending the twelve months or within any extension made between the parties, there was no tender to Mr. Beauchamp of money paid out by him together with a penalty of ten per cent. on the original sum and interest on the original sum at the rate of seven per cent. per annum, then you should find for the defendant; on the other hand, if you believe from the evidence in the case that Mr. Kilgore or his administrator within the prescribed time tendered to Mr. Beauchamp the amount of money paid out by Mr. Beauchamp, together with ten per cent. as a penalty, together with seven per cent. per annum, then you should find in favor of the plaintiff." The error in this charge is alleged to consist in the words, "and interest upon the original sum at the rate of seven per cent. per annum."

*John A. Wimpy*, for plaintiff.

*John L. Travis*, for defendant.

ATKINSON, J. Section 898 of the Code of 1882 provides: "Whenever any land is sold by virtue of a tax execution issued under this code, the owner thereof, or any administrator, executor, or guardian, or other trustee of the defendant in execution, shall have the privilege of redeeming said land thus sold, within one year, by paying the purchaser the amount paid by said purchaser for said land, with ten per cent. premium thereon from the date of the purchase to the time of payment."

It will be seen that the year had expired before the plaintiff made any tender for the purpose of redeeming the land which the defendant had purchased at tax sale; that the amount paid by the purchaser at tax sale was $80.00; that the sum tendered was, according to the evidence which was most favorable to the plaintiff, not more than $84.00. According to the terms of the statute, the purchaser was entitled to at least ten per cent. upon the amount paid by him at the tax sale for the property, and was under no obligation to receive a less sum from the owner whose land was sold. Whether the ten per cent. be treated as a fixed premium to be paid, at whatever time within the year the tender is made, or whether it is to be apportioned as interest is calculated upon money laid out and expended to the use of the defendant, in either event, a year having elapsed between the date of the sale and the offer to redeem, the defendant was entitled to at least $88.00, and was, therefore, in the absence of a tender of that much money, under no obligation to reconvey. It follows, therefore, that the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*